■ ANTHONY TASCARELLA et al., Respondents-Appellants, v CITY OF LONG BEACH et al., Appellants-Respondents. — In an action to recover damages, *inter alia*, for libel, false arrest and malicious prosecution, the parties cross-appeal from an order of the Supreme Court, Nassau County, dated January 23, 1980, which denied the defendants' motion to dismiss the complaint, and the plaintiffs' cross motion to compel acceptance of the complaint. Order modified, on the law, by deleting therefrom the provision denying the defendants' motion and substituting therefor a provision granting the motion and dismissing the complaint. As so modified, order affirmed, with $50 costs and disbursements to the defendants. Special Term properly concluded that no acceptable excuse was offered with respect to the delay in complying with the demand for the complaint. Accordingly, the action should have been dismissed (see *Simons v Sanford Plaza*, 44 AD2d 710; *Hanley v Callanan Inds.*, 60 AD2d 706). Mangano, J.P., Cohalan, O'Connor and Weinstein, JJ., concur.

■ In the Matter of GREEN BUS LINES, INC., Appellant, v FANNY BAHAN et al., Respondents. — Appeal by petitioner, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated March 30, 1980, as, upon granting its motion for reargument of a prior order of the same court denying a permanent stay of arbitration, adhered to the original determination. Order affirmed insofar as appealed from, without costs or disbursements. The arbitrator's determination clearly contemplated that further proceedings on the reasonableness of the claimed medical expenses and lost earnings would be had. Because the arbitrator viewed the question of reasonableness as not being before him, there was no determination on the merits of that issue which would bar, on *res judicata* grounds, subsequent arbitration (cf. *Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.]*, 43 NY2d 184). Under the applicable statutory provision (Insurance Law, § 675, subd 2), it was the claimant's option to choose further arbitration over litigation. Hopkins, J.P., Damiani, Lazer and Thompson, JJ., concur.